United States District Court
Southern District of Texas
**ENTERED**
September 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>    *Plaintiff,*<br><br>v.<br><br>COLONY RIDGE, INC.;<br>COLONY RIDGE DEVELOPMENT, LLC;<br>COLONY RIDGE BV, LLC;<br>COLONY RIDGE LAND, LLC;<br>T-REX MANAGEMENT, INC.;<br>JOHN HARRIS; and<br>HOUSTON EL NORTE PROPERTY<br>OWNERS' ASSOCIATION, INC.,<br>    *Defendants.* | CASE NO. 4:24-cv-00941 |

### AGREED STIPULATED CONFIDENTIALITY ORDER

Before the Court is Plaintiff's Agreed Motion for Entry of Confidentiality Order (ECF 55). It is anticipated that the Parties to this lawsuit will be producing documents and supplying information, which a Party may regard as proprietary or otherwise confidential, during the discovery phase of this action. It is also anticipated that court filings in this matter will include references to documents or information that a Party may regard as proprietary or otherwise confidential. It is further anticipated that deposition testimony will include references to documents or information that a Party may regard as proprietary or otherwise confidential,

Thee Parties desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

There, it is ORDERED that until this Stipulated Confidentiality Order ("Order") is amended or superseded—all Parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall follow the procedures set forth below with respect to ertain documents, information, or testimony provided or exchanged in this action.

1

A.   **Scope**

1. This Order governs all documents produced after the date of this Order by any Party or Non-Party to this action and shall include documents or testimony about documents revealed during a deposition, in any answer to an interrogatory or request for admission, or otherwise disclosed via discovery.

2. Nothing in this Order precludes any Party from seeking relief from the Court regarding the production of documents or information.

3. This Order does not alter any confidentiality obligations that a Party may have at law or under another agreement, or any statutory or regulatory mandate of the Office of the Texas Attorney General to share confidential information; provided, however, that the recipient shall be advised of and receive a copy of this Confidentiality Order's terms and maintain the confidentiality of the Protected Material in a manner consistent with this Order unless otherwise authorized.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing Party that any document, testimony, or other information designated as "Confidential" constitutes proprietary information, is a trade secret, or is in fact confidential.

5. **Texas Public Information Act.**   This Order does not limit Plaintiff, the State of Texas's ("State"), duty to comply with all applicable provisions of the Texas Public Information Act. If the State receives a request for protected materials under any public records or other relevant state law that compels disclosure of any information or items designated in this lawsuit as "Confidential, the State will promptly notify in writing the Defendants in this action and give the Defendants at least fifteen (15) calendar days to seek protection from the State disclosing such information. To the extent the Defendants seek protection, the State will not

provide any data, documents, or material marked "Confidential" to the requesting party until and unless the protection request is denied. Additionally, the State will not object to the Defendants, in their efforts to seek protection, using any applicable exception or objection that would otherwise be available to the State to provide data, documents, or material marked as "Confidential." The State's obligations under this paragraph shall expire within five (5) years after the final disposition of this lawsuit.

### B. Confidential Information

1.  This action is likely to involve the exchange of non-publicly available documents and other information of a sensitive, confidential, or proprietary nature, including financial records that may contain confidential and personally identifiable information ("PII"), including but not limited to: social security numbers, individual taxpayer identification numbers, driver license numbers, passport numbers, other government-issued ID numbers, bank account numbers, credit card numbers, personal telephone numbers, personal addresses, personal e-mail addresses, and unique loan identifiers. Special protection from public disclosure is warranted for these documents and other information, provided, however, that the PII is not otherwise lawfully and publicly available.

2.  Materials containing sensitive information may be designated as "Confidential." "Confidential Information" as used herein means any information that the Producing Party believes, in good faith, constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c), or other information required by law or agreement to be kept confidential, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. The Producing Party will make such a designation only for those documents or discovery

responses that are in good faith believed to contain or constitute proprietary, trade secret, or confidential. Materials so designated are referred to herein as "Confidential Information." Documents that are available to the public may not be designated as Confidential Information. Further, Confidential Information shall not encompass any documents the Producing Party has provided to any other party or individual without restriction.

3. Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential," or otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each Party receiving the Confidential Information. In lieu of marking the originals of documents, any Party may mark the copies of such documents that are produced or exchanged.

4. **Deposition Testimony**. With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" within fourteen (14) days of receipt of the transcript. Until the fourteen-day period expires, the entire transcript shall be treated as Confidential Information if any portions had been so designated on the record. Additionally, in any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this Order.

5. **Responses to Interrogatories and Requests for Admission.** The Parties shall designate Confidential Information contained in any response to an interrogatory or request for admission by placing within the answer or response: "The following portion of the response is 'Confidential Information – Subject to Confidentiality Order.'"

6. **Documents or Information Obtained from Non-Parties.** A Non-Party

may designate documents or information they produce as Confidential Information. Any documents or information produced by a Non-Party without a Confidential designation shall nevertheless be treated as Confidential Information for thirty (30) days to allow the Parties to review the material for Confidential Information. If a Party believes that the Non-Party's documents or information contains Confidential Information, the Party may designate the documents or information as Confidential Information within thirty (30) days after receiving the documents or information. Any documents or information produced by a Non-Party that is not designated as Confidential Information either by the Non-Party at production or by a Party within the sixty (60) day period will not be treated as Confidential Information.

### C. Treatment of Confidential Information

1. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

   (a) The Parties, their employees and contractors, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding, including, but not limited to, contractors for document coding, image scanning, mock trial, translation services, or demonstrative exhibit preparation;

   (b) Outside counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (c) In-house counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (d) Persons employed by any Party or by counsel solely for the purpose of

assisting in the preparation of this action for trial and other pretrial proceedings, including but not limited to any consulting or testifying experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e)   The Court, any court with appellate jurisdiction, persons employed by the Court, including the jury, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel;

(f)   Duly qualified court reporters and videographers participating in these proceedings;

(g)   Persons who were the authors or recipients of the documents in the ordinary course of business;

(h)   Witnesses or prospective witnesses and their counsel in preparation for or in the course of depositions or the trial of this matter; and

(i)   Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2.   Confidential Information shall be used by the Receiving Party solely for the prosecution or defense of this litigation or as required by statute or regulation and only as provided in this Order. Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

3.   Before disclosing Confidential Information to any third party or Non-Party pursuant to this Order, except as required by statute or regulation, the disclosing Party must

provide at least fourteen (14) day prior written notice to the Producing Party, via email to all counsel of record for the Producing Party, or any other Party designating the information as Confidential Information. Such disclosure shall not be made until: (1) such Party consents to the disclosure; (2) fourteen (14) days pass without an objection from the producing or designating Party; or (3) the Court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing to the Court within fourteen (14) days of receipt of the notice. If an objection is not made within the fourteen (14) day period, then the objection is waived. This requirement does not apply for disclosure to any individual identified in paragraph C.1.

      4.      Notwithstanding anything to the contrary in the foregoing paragraphs, any Party may use without restriction:

      (a)      its own documents or information, in accordance with applicable law; and

      (b)      documents or information developed or obtained by a receiving party independently of discovery in this action.

      5.      Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Order. To the extent such person is neither a party nor employed by a party, such person shall sign an agreement to be bound by this Order before any Confidential Information is disclosed.

      6.      Should a Party wish to submit Confidential Information to the Court, then the Party may either: (a) submit any such filing under seal on CM/ECF if filed electronically or if filed in hard copy in a sealed envelope bearing the caption of this case; or (b) provide written notice to the Producing Party at least seven (7) days before the filing or hearing and identify the specific information that the Party intends to file or use. If a Party utilizes (b), then any objections to such filing or use shall be made in writing to the Court within the seven-day period

with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed or used until further instruction from the Court.

7. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

8. Subject to any state laws and the Office of the Texas Attorney General's records retention policies, within ninety (90) days of the Parties' compliance with the settlement or final adjudication, including appeals, in this action, all Confidential Information supplied by the Parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted, if authorized by law or internal policies and procedures. However, it is understood that each Party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any Party that reflects or includes information derived from documents or testimony designated as Confidential will not be destroyed or deleted, including any retention required by law or regulation.

9. Any dispute concerning the application of this Order shall be heard by the Court upon motion by the objecting party. Any violation of this Order may result in sanctions and costs.

### D. Challenges to Designated Information

1. If a Receiving Party disagrees at any time with any designation(s) made by the

Designating Party, the Receiving Party must first try to resolve such challenge informally and in good faith. The Receiving Party must provide written notice of the challenge and the grounds therefore to the Designating Party, who must respond in writing to the challenge within ten (10) business days. If the Parties are unable to reach agreement after the expiration of the ten (10) business day timeframe, and after the conference required under LR 7.1(D)(1), the Receiving Party may at any time thereafter seek an order to alter the confidential status of the designated documents or information. At all times, the Designating Party carries the burden of establishing the propriety of the designation. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

### E. Confidential Information Subpoenaed or Ordered Produced in Other Litigation

1. If a Party is served by a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of another Party's Confidential Information in this Action, the Party receiving the subpoena must:

    (a) promptly notify the Designating Party in writing, and include with the notice a copy of the subpoena, court order or other legal process;

    (b) promptly provide written notice and a copy of this Order to the party who issued the subpoena, order, or legal process in the other litigation that some or all of the material covered by the subpoena, order, or other legal process is subject to this Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Confidential Information may be affected.

2. If the Designating Party timely seeks a protective order in the other litigation, the Party served with the subpoena, court order, or other legal process shall not produce any materials designated as Confidential Information in this action before a determination is made by the court that issued the subpoena, order, or other legal process, unless the party obtains the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in the court of the other litigation. Further, nothing in these provisions should be construed as authorizing or encouraging a Party in this action to disobey a lawful directive from another court.

**F. Identity of Witnesses in Public Filings**

1. The Parties agree that they will not disclose the identity of consumer witnesses in any public filings or public facing documents. The Parties agree that they will use consumers' initials in any filings or public facing documents when referring to consumer witnesses.

**G. Applicability to Parties Later Joined**

1. Persons that later become parties to this lawsuit shall not be given access to any Confidential Information until they execute and file with the Court their agreement to be bound by the provisions of this Order.

Stipulated to and Agreed to by:

| | |
|---|---|
| 08/23/2024<br>Date | /s/ Richard Berlin<br>Counsel for Plaintiff, the State of Texas |
| 08/07/2024<br>Date | _____<br>Counsel for Defendants Colony Ridge, Inc., Colony Ridge Development, LLC, Colony Ridge BV, LLC, and Colony Ridge Land, LLC |

10

| | |
|---|---|
| 08/07/2024 | _[signature]_ |
| Date | Counsel for Defendants T-Rex Management, Inc., John Harris, Houston Ell Norte Property Owners Association, Inc., and CH&P Management LLC |

**IT IS SO ORDERED.**

**SIGNED** on this the 16th day of September, 2024.

_[signature]_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE